```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

STUART M. WEG                                        CIVIL ACTION

VERSUS                                               NO: 10-4198

MARLIN N. GUSMAN, ET AL.                             SECTION: R(2)

### ORDER AND REASONS

Before the Court is plaintiff's motion in limine to admit prior act testimony pursuant to Federal Rule of Evidence 404(b).[1] For the following reasons, plaintiff's motion is DENIED.

### I. BACKGROUND

This case arises out of an incident that occurred in Section C of the Orleans Parish Criminal District Court on December 4, 2009.[2] Stuart Weg, an Assistant Public Defender in the Orleans Public Defenders office, alleges that on that day he was forcibly removed from the courtroom by Deputy Gray, causing him injury. Upon entering the anteroom to the courtroom, Weg further alleges that one or more of the defendants tackled him and then hit and kicked him once he was down.[3] Weg's complaint does not specify which defendant participated in which act in the anteroom.[4]

---

[1]  R. Doc. 37.

[2]  R. Doc. 1.

[3]  R. Doc. 16.

[4]  *Id.*

Defendants then placed Weg under arrest. Weg asserts that the defendants had no probable cause for his arrest, and he further alleges that he did not provoke the defendants in any way.

On November 4, 2010, Weg filed this 42 U.S.C. § 1983 action. He now seeks to introduce evidence that on two earlier occasions, Gray used excessive force against Steven Singer, another public defender.[5]

The defendants oppose the introduction of this evidence.[6]

## II. STANDARD

Rule 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Fed. R. Evid. 404(b).

In the Fifth Circuit, evidence of an extrinsic offense is admissible under Rule 404(b) if it satisfies the two-step test articulated in *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978)(en banc), *cert. denied*, 440 U.S. 920 (1979). First, the evidence must be "relevant to an issue other than the defendant's character." *Id.* Second, the evidence must have

---

[5]   R. Doc. 37.

[6]   R. Doc. 46.

"probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of Rule 403." *Id.*

The relevancy inquiry employs the analysis set forth in Federal Rule of Evidence 401, which provides that evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." *Id.* (quoting Fed. R. Evid. 401). Relevancy of extrinsic acts "is a function of its similarity to the offense charged," which requires more than a mere "common characteristic." *Id.* Rather, the Court must determine similarity with respect to the particular issue to which the extrinsic offense is addressed. *Id.*

The Court is not required to make a preliminary finding that an extrinsic act or offense in fact occurred. *Huddleston v. United States*, 485 U.S. 681, 687-88 (1988). The Court instead admits extrinsic offense evidence under Federal Rule of Evidence 104(b), which requires the Court to "examine[] all the evidence in a case and decide[] whether the jury could reasonably find the conditional fact . . . by a preponderance of the evidence." *Id.* at 690. Whether evidence is sufficient under Rule 104(b) requires an examination of all the evidence presented to the jury. *Id.* at 690-91.

In determining whether extrinsic offense evidence has probative value that is not substantially outweighed by its undue prejudice and also meets the other requirements of Federal Rule of Evidence 403, the court conducts a "commonsense assessment of all the circumstances surrounding the extrinsic offense." *Beechum*, 582 F.2d at 914. The Court considers the availability of other means of proof of the charged offense, and it is the "incremental probity" of the extrinsic evidence that must be balanced against its potential for undue prejudice. *Id.* Thus, if a defendant's intent is not contested, the probative value of extrinsic evidence as to that issue will be inconsequential. *Id.* Furthermore, the probative value of an extrinsic offense "correlates positively" with its similarity to a charged offense. *Id.* at 915. If the extrinsic offense and the charged offense are dissimilar in most respects, "the extrinsic offense may have little probative value to counterbalance the inherent prejudice of this type of evidence." *Id.* Finally, the Court considers the amount of time separating the extrinsic offense from the charged offense. *Id.* Temporal remoteness is not dispositive, but it "depreciates the probity of the extrinsic offense." *Id.*

## III. DISCUSSION

Weg asserts that Singer's testimony about defendant Gray is relevant to defendant Gray's "intent, plan, and absence of

mistake or accident when he used excessive force against Mr. Weg."[7]  He also asserts that Singer's testimony is relevant to the issue of intent for both state law claims and punitive damages.  Weg raises two incidents involving Singer, but he fails to provide any facts to support the admission of the second incident.  Accordingly, the Court finds evidence of the second incident to be inadmissible because Weg has failed to show that it satisfies Rule 404(b) as interpreted by *Beechum*.  The Court now turns to the first alleged incident.

Weg asserts that Singer will testify that "Deputy Gray unnecessarily took Mr. Singer to the ground and placed him in handcuffs, exactly as he did to Mr. Weg."[8]  Singer will also apparently testify that the use of force was unprovoked and that he sustained an injury serious enough to require surgery.[9]  In their response, defendants assert that Singer entered Judge Willard's chambers, interrupting a private discussion.[10]  When he refused to leave, deputies were told to remove Singer from the courtroom, at which point he struck a deputy and was placed in handcuffs.

---

[7]   R. Doc. 37-1 at 2.

[8]   R. Doc. 37-1 at 1.

[9]   *Id.*

[10]  R. Doc. 46 at 3.

Although Weg argues that his experience and Singer's experience are "nearly identical," this Court finds the two significantly different. Singer's incident involved only Deputy Gray; Weg's involved, at a minimum, Deputy Gray, Deputy Causey, and Deputy Livingston. When Singer was escorted from the courtroom, Deputy Gray allegedly brought him to the ground and placed handcuffs on him. Weg testified in his deposition, however, that Deputy Livingston, and not Deputy Gray, tackled him from behind and brought him to the ground once he was outside the courtroom and had entered an anteroom adjacent to the courtroom. Deputy Gray escorted him out of the courtroom, but did not tackle, handcuff, or strike Weg in the courtroom. Further, although Weg alleges that Deputy Gray and Deputy Causey joined in the fray after he was down, Weg testified at his deposition that he did not see who struck him in the head after he was on the floor with Livingston on his back. Further, there is no evidence of the date of Singer's first incident, and there is no evidence of where in the courthouse Singer's incident occurred. Weg provides no evidence that Singer was charged with a crime, as was Weg, nor has he presented evidence that Singer filed any formal charges to have the matter investigated. Accordingly, the Court finds the evidence of similarity between the two incidents weak.

Under these circumstances, the Court finds admission of Singer's testimony problematic. First, intent is not in issue in

cases of excessive force. To state an excessive force claim under the Fourth Amendment, the plaintiff must establish that he suffered "(1) an injury that (2) resulted directly and only from the use of force that was excessive to the need and that (3) the force used was objectively unreasonable." *Ballard v. Burton*, 444 F.3d 391, 402 (5th Cir. 2006)(citing *Flores v. City of Palacios*, 381 F.3d 391, 396 (5th Cir. 2004). Objective reasonableness is determined by "balanc[ing] the amount of force used against the need for that force." *Ikerd v. Blair*, 101 F.3d 430, 434 (5th Cir. 1996). The defendant's subjective intent in causing force is irrelevant. *See Tanberg v. Sholtis*, 401 F.3d 1151, 1168 (10th Cir. 2005)("This standard is an objective one to which an officer's personal motivations in using a particular degree of force are irrelevant . . . .") The Supreme Court has made clear that "[a]n officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force." *Graham v. Connor*, 490 U.S. 386, 397 (1989)(citations omitted). Because intent is inapposite to a Fourth Amendment inquiry, the proffered testimony is irrelevant on the basis of intent.[11]

---

[11] Weg also asserts that Singer's testimony is relevant on the basis of mistake or accident. The Court finds that because defendants have claimed neither mistake nor accident, Singer's proffered testimony is irrelevant and thus inadmissible to demonstrate mistake or accident.

Second, to the extent that intent would be relevant to Weg's state law claims or to punitive damages, the proffered testimony has a low probative value. Singer's incident is factually different, is contested, and is uncorroborated. *See DiRico v. City of Quincy*, 404 F.3d 464, 468 (1st Cir. 2005)(holding that evidence of a prior arrest was inadmissible because "the evidence could not have had much probative value given that it related to a single, unsubstantiated claim of use of excessive force"). Moreover, because Weg did not see who hit him in the head, and because Livingston, not Gray, forcibly brought him down, the Singer evidence goes more to filling evidentiary gaps with propensity evidence than to intent. But evidence to show that Gray must have assaulted Weg because Gray has a propensity to use excessive force or to the assault and batter public defenders is inadmissible. The Court therefore finds that any probative value of this evidence is substantially outweighed by the danger of unfair prejudice.

Finally, in order for the Court to take Singer's testimony under consideration, the Court would be required to conduct what would be tantamount to a trial within a trial. *See*, e.g., *Landrieu Constr., Inc. v. DRC Emergency Servs., LLC*, No. 09-3418, 2010 WL 1817768, at *5 (E.D. La. April 30, 2010)(Rule 404(b) evidence was inadmissible because "the other instances are substantially different and would in effect necessitate a trial

within a trial which would be prejudicial and confusing"); *U.S. v. Davenport*, 36 F.3d 89, 1994 WL 523653, at *8 (5th Cir. 1994)(relevance of collateral issue evidence was "substantially outweighed by its tendency to confuse the trial's central issues and waste time" and was therefore inadmissible); *Soller v. Moore*, 84 F.3d 964, 968 (7th Cir. 1996)(district court did not abuse its discretion in excluding Rule 404(b) evidence because had the evidence been introduced, the present trial would have detoured into a trial on the prior incident). Such a focus would also unduly prejudice the defendants by shifting the focus from the Weg incident, which allegedly involved Gray, Livingston, and Causey, to the earlier incident, which solely concerned Gray. Because the Singer incidents are contested and uncorroborated, satisfying *Huddleston*'s requirements would undoubtedly take up much of the trial. *See United States v. Ridlehuber*, 11 F.3d 516, 523-24 (5th Cir. 1993)(finding unfair prejudice when a significant portion of the total testimony concerned extrinsic evidence on drug manufacturing and one witnesses testified solely on drug manufacturing); *United States v. Zabaneh*, 837 F.2d 1249, 1265 (5th Cir. 1988)(danger of unfair prejudice increased when a substantial portion of testimony focused on extrinsic drug offenses, and one witness's testimony pertained exclusively to those acts).

In addition, defendants represent that a critical witness to the Singer episode is not available to testify at trial, and they have asked for a delay to obtain the witness.[12]  Considerations of undue delay also weigh in the Rule 403 inquiry and counsel against the admission of this evidence.  *See* Fed. R. Evid. 403 ("evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence").  Singer's evidence is even more prejudicial because Weg did not disclose this proposed Rule 404(b) witness until the pretrial order, which was submitted to the Court on August 12, 2011, eight days before trial.[13]  Weg made no mention of Singer in either his Witness List on June 13, 2011 or his Amended Witness List on June 28, 2011.[14]  Under the scheduling order applicable in this case, Weg may not call any witness who has not been identified in accordance with the scheduling deadlines absent good cause.[15]  He has made no showing

---

[12]   R. Doc. 46.

[13]   R. Doc. 45.

[14]   R. Doc. 23 and R. Doc. 27.

[15]   R. Doc. 10.

of good cause in this case.  Indeed, Singer's incident was well known.

The determination of whether the "probative value is not substantially outweighed by its undue prejudice is a matter within sound discretion of the trial judge." *United States v. Jardina*, 747 F.2d 945, 952 (5th Cir. 1984) (citing *Beechum*, 582 F.2d at 915).  Given that Singer's incident is weakly probative at best, uncorroborated, undocumented, and presented with virtually no notice to the defendants, the admission of that evidence would be unduly prejudicial to Deputy Gray and the other defendants.  Accordingly, it is inadmissible.

## IV.   CONCLUSION

For the foregoing reasons, plaintiff's motion in limine is DENIED.

New Orleans, Louisiana, this 22nd day of August, 2011.

*Sarah Vance*

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE